**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marion Junior RASH, Defendant-Appellant.**

**No. 27806.**

United States Court of Appeals, Fifth Circuit.

April 9, 1970.

Nelson S. Hargrove, Houston, Tex., for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Russell W. Neisig, Ray E. Moses, Asst. U. S. Attys., Houston, Tex., for appellee.

Before WISDOM, SIMPSON and CLARK, Circuit Judges.

SIMPSON, Circuit Judge:

The record reveals that the appellant Rash followed a Mr. Gardner (a co-defendant who was separately tried) in a separate automobile to an auto-auction business lot in Houston, Texas. Ostensibly, Rash was to provide transportation if the Pontiac driven by Gardner was sold. A prospective purchaser, Mr. Belcher, requested that the status of the Pontiac be checked by the attending policeman, Officer White. He discovered through the National Crime Information Center (N.C.I.C.) that the Pontiac had been reported as stolen. White then arrested Gardner and Rash for stealing the Pontiac. Subsequent search and investigation revealed that the Ford driven by Rash was also stolen. The sole is-

sue raised on appeal is whether White had probable cause to arrest Rash for stealing the Pontiac. The point was properly preserved by motion to suppress the evidence found in the search of the Ford.

The issue of probable cause poses the question of whether the arresting officer "possess knowledge of facts and circumstances gained from reasonably trustworthy sources of information sufficient to justify a man of reasonable caution and prudence in believing that the arrested person has committed or is committing an offense". Miller v. United States, 5 Cir. 1966, 356 F.2d 63, 66; see also Beck v. Ohio, 1964, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. Turning as it does on Officer White's evaluation of the reasonable inferences from the facts known to him, the question presented is a close one. We determine for reasons indicated below that White had probable cause to arrest Rash.

Since White had originally no reason to suspect that the Ford driven by Rash was stolen, the issue is whether a reasonable basis existed for him to conclude that Gardner and Rash were working together. White observed Rash's car follow Gardner into the parking lot of the auto-auction. Rash parked less than 20 feet behind Gardner's car. Officer White observed Gardner gesturing to Rash and also saw him talking to Rash inside the car. White testified that it appeared to him that Rash and Gardner were selling the car jointly. After determining by telephone that Gardner's car was a stolen vehicle, White stepped outside and observed Rash's car parked facing the street with the windows rolled up, the motor running, and the doors locked. White testified that he thought that Rash was preparing to make a fast getaway if the circumstances required such action.

Our conclusion is that there was a reasonable basis upon which Officer White could validly make the arrest. The judgment is

Affirmed.